UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MONTREA DONALDSON, | CASE NO. 1:08 CV 2467 |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| RICH GANSHEIMER, | MEMORANDUM OF OPINION AND ORDER |
| Respondent. | |

On October 17, 2008, petitioner pro se Montrea Donaldson filed the above-captioned habeas corpus action under 28 U.S.C. § 2254. Donaldson is incarcerated in an Ohio penal institution, having been convicted, pursuant to a guilty plea, of aggravated robbery and felonious assault in 2004. As grounds for the petition, Donaldson asserts the trial court lacked jurisdiction to accept his plea because it occurred outside the time period set forth in Ohio's speedy trial statute. For the reasons stated below, the petition is denied and this action is dismissed.

A federal district court may entertain a petition for a writ of habeas corpus by a person in state custody only on the ground that the custody violates the Constitution or laws of the United States. Furthermore, the petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

At the outset, it appears evident on the face of the petition that petitioner procedurally defaulted by failing to raise this claim in a timely manner in the state court, and further that

the statute of limitations for filing a federal habeas action statute has well expired in any event. See, 28 U.S.C. § 2244(d). However, even absent these apparent defects, a guilty plea represents a break in the chain of events which preceded it in the criminal process, and petitioner may not, therefore, raise issues relating to asserted constitutional violations which occurred prior to the plea. Tollett v. Henderson, 411 U.S. 258 (1973); Burrows v. Engle, 545 F.2d 552 (6th Cir. 1976); see also, United States v. Gibson, 191 F.3d 453, 1999 WL 777314 (6th Cir. Sept. 23, 1999)(alleged violation of Speedy Trial Act is an antecedent non-jurisdictional defect waived by guilty plea).

Accordingly, the request to proceed in forma pauperis is granted, the petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

December 4, 2008

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.